## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **LEROY BROWN, La. DOC #122771** | **CIVIL ACTION NO. 06-1987** |
| **VS.** | **SECTION P** |
| **VENETIA MICHAEL, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on October 27, 2006, by *pro se* petitioner Leroy Brown. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the David Wade Correctional Center, Homer, Louisiana, where he is serving concurrent sentences of life and fifteen years imposed following his 1988 convictions for aggravated kidnaping and armed robbery in the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

Petitioner was indicted by the Ouachita Parish Grand Jury and charged with aggravated kidnaping and armed robbery. He was found guilty as charged following trial by jury in April 1988 and sentenced to concurrent sentences of life and fifteen years. [doc. 1, paragraph 3]

1

He appealed to the Second Circuit Court of Appeals. On February 28, 1990, his conviction and sentence were affirmed. *State of Louisiana v. Leroy Brown, Jr.*, 557 So.2d 1085 (La. App. 2 Cir. 1990). Petitioner did not seek further direct review in the Louisiana Supreme Court.[1] [See also, doc 1-1, paragraph 6]

On October 2, 1991, petitioner filed an Application for Post-Conviction Relief in the Fourth Judicial District Court. The application was denied by the trial court on October 17, 1991. [see doc. 1-1, paragraph 7; doc. 1-4, p. 16] Petitioner apparently sought review of this ruling in the Second Circuit Court of Appeals and the Louisiana Supreme Court. The first post-conviction process apparently came to an end with the Louisiana Supreme Court's writ denial in the matter entitled *State of Louisiana v. Leroy Brown*, 92-2389 (La. 1/13/1994), 631 So.2d 1158.

On August 28, 2003, petitioner filed a second *pro se* application for post-conviction relief in the Fourth Judicial District Court. On September 8, 2003, the district judge signed an order which acknowledged this filing and ordered the District Attorney to respond to petitioner's post-conviction application. [doc. 1-4, pp. 13-14, "Notification and Order"]

On November 5, 2003, the district judge issued a "Ruling on Application for Post-Conviction Relief." Therein the judge acknowledged that petitioner's application raised two claims for relief: "(1) Unconstitutional discrimination in the selection of the foreperson of the grand jury which returned his indictment; and (2) Ineffective assistance of counsel for failure to litigate this issue." [doc. 1-4, p. 15] The court also acknowledged petitioner's previous post-

---

[1] A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court writ judgments referencing the Docket Number of the Second Circuit's decision on direct appeal. The Second Circuit's judgment on direct appeal was docketed as No. 20922-KA. The next published writ action by the Louisiana Supreme Court, *State of Louisiana v. Leroy Brown*, 92-2389 (La. 1/13/94), 631 So.2d 1158, makes reference to a Second Circuit judgment in the case docketed as 24202-KW.

conviction application in October 1991. [*id*.] The court determined that petitioner's grand jury selection claim was procedurally defaulted due to petitioner's failure to timely file a motion to quash as required by Louisiana law. [*id*.] The court granted the District Attorney's motion to recuse and appointed the Louisiana Attorney General as counsel for the State of Louisiana. The Attorney General was directed to respond to petitioner's second claim of ineffective assistance of counsel. [*id*.] In due course, the trial court ruled on the merits and denied petitioner's second claim for relief by judgment dated May 24, 2004. [doc. 1-4, pp. 23-27]

On August 2, 2004, petitioner applied for writs to the Second Circuit Court of Appeals. On August 19, 2004, the Second Circuit denied writs, noting

> The applicant's conviction and sentence for aggravated kidnaping and armed robbery has been final since 1990. *State v. Brown*, 557 So.2d 1085 (La. App. 2 Cir. 1990). The present petition for post-conviction relief, filed in 2003, is clearly untimely pursuant to La. C.Cr.P. art. 930.8. The petition provides no facts or legal authority to support suspending the time delay for filing for post-conviction relief.
>
> The applicant's alleged late realization that a pre-trial error may have occurred in his case, does not qualify as discovery of new facts for the purpose of an exception to the time delays for filing for post-conviction relief. See *State v. Parker*, 1998-0256 (La. 5/8/98), 711 So.2d 694. Likewise, this court's ruling in *State v. Divers*, 34,748 (La. App. 2d Cir. 6/22/01), 793 So.2d 302, writ denied, 2001-2544 (La. 8/30/02), 823 So.2d 937, did not establish '... a theretofore unknown interpretation of constitutional law,' as required by La. C.Cr.P. art. 930.8(A)(2) to extend the delays for applicant to file for post-conviction relief.
>
> The trial court is correct that the applicant waived any objections to defects in his indictment by not timely filing a motion to quash, and the applicant failed to prove his counsel was ineffective. Nevertheless, the applicant's petition was untimely filed. This court, on its own motion, can notice the timeliness of an application for post-conviction relief. *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189; *State v. Obney*, 1999-0592 (La. App. 3d Cir. 8/11/99), 746 So.2d 24, writ denied, 1999-2667 (La. 5/5/00), 760 So.2d 1190." *State of Louisiana v. Leroy Brown*, No. 39286-KH (La. App. 2 Cir. 8/19/2004) (unpublished writ judgment) at doc. 1-4, pp. 4-5.

On September 1, 2004, petitioner filed a second writ application in the Second Circuit. On October 28, 2004, that court denied writs and noted,

> Even if considered persuasive to the instant case, *Crandell v. Warden Louisiana State Penitentiary*, 72 Fed. Appx. 48, 2003 WL 21653969 (5th Cir. La. Jul. 11, 2003)(Not selected for publication in the Federal Reporter, No. 02-30654), cited by the applicant, has no direct application to this writ. In ruling on the applicant's post-conviction pleading at issue here, neither this court nor the court below held that *Campbell v. Louisiana*, 523 U.S. 392, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998), was a new rule of law. The applicant's claim that his writ should be granted based upon this case is without merit.
>
> As stated by this court in the previous order, the applicant's writ is untimely. An appellate court can notice the timeliness of an application for post-conviction relief on its own motion. [citations omitted]
>
> Many of the applicant's claims were previously denied by this court in NO. 39,286-KH. Hence, they are repetitive and are denied. [citations omitted] ... *State of Louisiana v. Leroy Brown, Jr.*, No. 39416-KH (La. App. 2d Cir. 10/28/2004) (unpublished writ judgment) at doc. 1-4, p. 6.

On some unspecified date petitioner sought review of this judgment in the Louisiana Supreme Court. On November 28, 2005, that court denied writs. *State of Louisiana ex rel. Leroy Brown, Jr. v. State of Louisiana*, 2004-3129 (La. 11/28/2005), 916 So.2d 138. On some unspecified date petitioner filed for reconsideration, and on April 28, 2006, his request was denied. *State of Louisiana v. Leroy Brown, Jr. v. State of Louisiana*, 2004-3129 (La. 4/28/2006), 927 So.2d 275.

Petitioner's undated petition for *habeas corpus* was mailed on October 25, 2006, and received and filed on October 27, 2006.

### *Law and Analysis*

### *1. 28 U.S.C. § 2244(d)(1)(A) and the "Grace Period"*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Mr. Brown, whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners

---

[2] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B) or (D) of §2244(d)(1). Clearly, he has pointed to no state created impediments which prevented him from filing the instant petition. Nor does he rely upon a newly discovered factual predicate to his claims. He does, however, imply that the limitations period should be calculated in accordance with subsection ( C ) which reckons the limitation period from "... the date on which the constitutional right asserted was initially recognized by the Supreme Court..." This contention will be addressed hereinafter in Part 2.

5

are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra.*

If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction relief was pending is state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

Petitioner's judgment of conviction and sentence became final in 1990 when his conviction and sentence were affirmed by the Second Circuit and petitioner failed to seek further direct review in Louisiana's Supreme Court. *State of Louisiana v. Leroy Brown, Jr.*, 557 So.2d 1085 (La. App. 2 Cir. 1990). Since his conviction became final prior to the April, 1996, effective date of the AEDPA, petitioner must be afforded the one-year grace period. In other words, petitioner had until April 24, 1997, to file his federal *habeas corpus* application.

Petitioner litigated post-conviction claims in the Louisiana courts during the period between October 2, 1991, the date he filed his first Application for Post-Conviction Relief in the Fourth Judicial District Court [see doc. 1-1, paragraph 7; doc. 1-4, p. 16] and January 13, 1994, the date that the first round of post-conviction proceedings ceased to be pending as a result of the Supreme Court's first writ denial. [See *State of Louisiana v. Leroy Brown*, 92-2389 (La. 1/13/1994), 631 So.2d 1158.] Of course, petitioner cannot obtain the benefits of tolling accrued <u>before </u>the effective date of the AEDPA limitations period and therefore his first round of post-

6

conviction litigation has no effect on the determination of limitations.

Petitioner's AEDPA grace period expired on April 24, 1997, and petitioner had no post-conviction or collateral review pending during that one-year period. He waited until August 2003 to commence his second round of post-conviction litigation, but by that time, the AEDPA limitations period had already long expired and could not be revived by this filing since any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

## *2. 28 U.S.C. §2244(d)(1)( C )*

Petitioner's claim that the AEDPA limitations period should be reckoned from the date of the Supreme Court's decision in *Campbell v. Louisiana*, 523 U.S. 392, 140 L.Ed.2d 551, 118 S.Ct. 1419 (1998) fares no better for three obvious reasons. First, the decision in *Campbell* in no way benefitted the petitioner since *Campbell* merely held that a white defendant has third-party standing to raise equal-protection challenges to discrimination against African-Americans in the selection of a grand jury. Second, *Campbell* did not set forth a new rule of constitutional criminal procedure and therefore petitioner could not rely upon that decision to trigger the reckoning of limitations under §2244(d)(1)( C). See *Peterson v. Cain*, 302 F.3d 508 (2002). Finally, even if the petitioner's AEDPA limitations period were reckoned from the date upon which *Campbell* was decided, petitioner's claim would still be time-barred since more than one un-tolled year elapsed between the date of the *Campbell* decision (April 21, 1998) and the date petitioner filed his federal petition.

## *3. Equitable Tolling*

Petitioner cannot rely on the doctrine of equitable tolling because his pleadings fail to present any "rare and exceptional circumstances" warranting the application of equitable tolling. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Further, equitable tolling should only be applied if the applicant has diligently pursued § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000). The record herein demonstrates that petitioner was far from diligent in pursuing his federal claims.

In short, petitioner's petition for writ of *habeas corpus* is barred by the provisions of §2244(d)(1)(A) and dismissal on that basis is appropriate.

## *4. Appointment of Counsel*

On December 5, 2006, petitioner filed a Motion for Appointment of Counsel. [doc. 6]

A federal district court may appoint counsel to represent an inmate pursuing federal *habeas corpus* relief. 28 U.S.C. § 2254; Rules 6(a) and 8(c), Rules Governing Section 2254 Cases; and 18 U.S.C. § 3006A. Nevertheless, there is no Sixth Amendment right to appointed counsel for prisoners mounting collateral attacks on their convictions or sentences. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). See also *Wright v. West*, 505

U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (no Constitutional right to counsel in *habeas corpus* proceedings); and *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir.1992).

Of course, when a court determines that an evidentiary hearing is necessary, it must appoint counsel; but absent the need for a hearing, the decision on whether or not to appoint counsel rests in the sound discretion of the trial court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993). In resolving this issue, the court should consider both the legal and factual complexity of the case along with petitioner's ability to prepare and present his claim. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994). See *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir.1991)(holding that in the context of a civil rights case, the court should base the decision to appoint counsel on many factors, including the type and complexity of the case; the plaintiff's ability to adequately investigate and present his case; the presence of evidence which consists of conflicting testimony so as to require skill in presentation of the evidence and cross-examination; and the likelihood that appointment will benefit the plaintiff, the court, and the defendants).

The undersigned finds that petitioner has failed to demonstrate that his case is so legally or factually complex that he is unable to adequately investigate and present his claim. Therefore,

Petitioner's "Motion for Appointment of Counsel" [doc. 6] is **DENIED**. Furthermore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 22nd day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE