UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LEROY BROWN** | **CIVIL ACTION NO. 06-1987** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN VENETIA MICHAEL,** <br> **DAVID WADE CORRECTIONAL CENTER** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner [Doc. No. 1]. Magistrate Judge Karen L. Hayes issued a Report and Recommendation recommending that Petitioner's Petition be denied and dismissed with prejudice because his claims are time-barred under 28 U.S.C. § 2244(d) [Doc. No. 9]. Petitioner filed an objection arguing for the first time that the statute of limitations should run from the date he learned that there was racial discrimination in the selection of grand jury forepersons in Ouachita Parish.

For the following reasons, Petitioner's Petition for Writ of Habeas Corpus is DENIED AND DISMISSED WITH PREJUDICE.

**I.    LAW AND ANALYSIS**

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within ten days of service. *See* 28 U.S.C. § 636(b)(1). In the present case, Petitioner timely filed an objection [Doc. No. 9] to the Magistrate Judge's Report and Recommendation, thus warranting *de novo* review by the Court.

**A.     Petitioner's Objection**

Petitioner claims that the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limitations period should run from the date he learned that there was racial discrimination in the selection of grand jury forepersons in Ouachita Parish.[1] Under 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitations begins to run from the date on which the facts supporting the claim presented could have been discovered "through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner cites his discovery of a June 21, 2003 newspaper article discussing a Louisiana state court decision to quash a grand jury indictment because no minorities were appointed grand jury foreman between 1968-1988 in Ouachita Parish. *See State of Louisiana v. Divers*, No. 34,748 (La App. 2. Cir. 06/22/01); 793 So.2d 308, *writ denied*, 823 So.2d 937 (La. 2002). Petitioner was indicted by the Ouachita Parish Grand Jury and convicted in April of 1988. Petitioner contends that his time for filing was tolled until he learned of this "new fact" supporting his claims that he was subjected to an unconstitutional grand jury selection process and provided ineffective assistance of counsel because his attorney failed to file a motion to quash the grand jury indictment.

Petitioner claims that racial discrimination in the selection of grand jury forepersons in Ouachita Parish had not been adjudicated until *Divers*. However, the AEDPA limitations period

---

[1] Magistrate Judge Hayes reasoned that Petitioner's claims are time-barred. Because Petitioner's conviction became final prior to the enactment of the AEDPA, he had one (1) year from its effective date, or until April 24, 1997, to file a habeas petition in this Court. If Petitioner had filed for post-conviction relief in state court during this one-year period, the statute of limitations would have been tolled. However, Petitioner did not file for post-conviction relief in either court until August of 2003.

begins to run when Petitioner knows, or through due diligence could have discovered, the important facts, not when Petitioner realizes their legal significance. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Therefore, Petitioner's realization is not a new factual predicate which warrants tolling under 28 U.S.C. § 2244(d)(1)(D). Moreover, Petitioner has unsuccessfully raised this claim in his application for post-conviction relief under Louisiana's parallel habeas statute. *See* La. C.Cr.P. art. 930.8.1; *see also State of Louisiana v. Brown*, No. 39416-KH (La. App. 2d Cir. 10/28/04) (unpublished writ judgment) ("The applicant's alleged late realization that a pre-trial error may have occurred in his case, [sic] does not qualify as discovery of new facts for the purpose of an exception to the time delays for filing for post-conviction relief.").

## II. CONCLUSION

For the foregoing reasons and those stated in the Report and Recommendation of the Magistrate Judge [Doc. No. 9], which the Court ADOPTS, Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is DENIED AND DISMISSED WITH PREJUDICE as time-barred under 28 U.S.C. § 2244(d).

MONROE, LOUISIANA, this 28th day of February, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE